UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-61953-DIMITROULEAS/AUGUSTIN-BIRCH

VINCENT TUCKER,

    Plaintiff,

v.

BLACKFISK MARINE, LLC
and JEAN TRAYNOR,

    Defendants.
_____/

## ORDER ADOPTING, IN PART, REPORT OF MAGISTRATE JUDGE; GRANTING, IN PART, *EX PARTE* MOTION FOR TEMPORARY RESTRAING ORDER; REQUIRING PLAINTIFF TO POST BOND OR FILE OBJECTION

THIS CAUSE comes before the Court on Plaintiff Vincent Tucker ("Plaintiff")'s Verified Expedited Motion for Temporary Restraining Order [DE 53], filed on January 6, 2023, and the January 9, 2023 Sealed Report and Recommendation of Magistrate Judge Panayotta Augustin-Birch [DE 60]. In the Report, Judge Panayotta Augustin-Birch recommends that Plaintiff's *Ex Parte* Motion be granted, with no requirement that Plaintiff post bond at this time.

Objections to the Magistrate's Report are due by January 23, 2023, but Plaintiff has informed the Court that he does not object to the Magistrate's Report. *See* [DE 61]. Accordingly, there being no objections,[1] the Magistrate Judge's factual findings in the Report [DE 60] are hereby adopted and deemed incorporated into this opinion. *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

---

[1] As the Magistrate Judge observed, Defendants have no right to object to the *Ex Parte* Order.

The Court has carefully considered the Motion, the record, and the governing law. Upon review, the Court finds that Plaintiff should be required to post bond to protect Defendant Blackfisk Marine, LLC from damages it may incur in the event that the injunction is improvidently issued. *See infra.* The Court agrees with the remainder of Judge Augustin-Birch's analysis and conclusions of law as set forth in the Report [DE 60], which are incorporated herein as if fully set forth.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Magistrate Judge's Report and Recommendation [DE 60] is **ADOPTED IN PART** as follows:

## FINDINGS AND CONCLUSIONS OF LAW

1. Defendants Blackfisk Marine, LLC and Jean Traynor entered into a Secured Promissory Note and Security Agreement with Plaintiff in August of 2022 whereby Plaintiff agreed to loan $80,000 to Defendants, to be repaid by September 30, 2022. As part of that agreement, Plaintiff obtained a security interest in certain collateral, including 12 rigid inflatable boats ("RIBs") and all of Defendant Blackfisk Marine, LLC's other "equipment, deposits, accounts, intangible rights (including intellectual property), inventory, supplies, and receivables." The 12 RIBs at issue are those identified in Attachment A to this Order.

2. Plaintiff seeks a Temporary Restraining Order ("TRO") requiring Defendant Blackfisk Marine, LLC and its officers, members, agents, servants, and employees to identify the location of the 12 RIBs and Defendant Blackfisk Marine, LLC's other equipment and inventory; temporarily maintain the RIBs, equipment, and inventory in a safe and secure location; cease its sale or disposal; and refrain from duplicating tags, titles, registrations, and any other document connected to the RIBs. There is urgency to Plaintiff's request, as an eviction proceeding is pending in the County Court in and for Broward County, Florida to evict Defendant Blackfisk Marine, LLC from its warehouse in Davie, Florida, where the RIBs and other equipment and inventory were last

known to be located.  The RIBs, by their nature, are transitory and quickly and easily moveable. Should Defendant Blackfisk Marine, LLC be evicted from its warehouse, the RIB's and Defendant Blackfisk Marine, LLC's other equipment and inventory may be transferred out of this jurisdiction or sold.

3. Based upon the Verified Complaint for Replevin and Damages [DE 1], the Notice of Filing Exhibits to Verified Complaint [DE 11], the Verified Expedited Motion for Temporary Restraining Order and its attachments [DE 53], and the evidence and argument presented during a sealed hearing held on January 9, 2023, before United States Magistrate Judge Panayotta Augustin-Birch, the Court concludes that a TRO should issue.  Plaintiff has a substantial likelihood of succeeding on the merits of his claim that Defendants are in default of the loan and that Plaintiff has a valid security interest in the 12 RIBs and Defendant Blackfisk Marine, LLC's other equipment and inventory.  Plaintiff has shown that he will suffer immediate and irreparable harm, injury, or loss in the form of loss of collateral to which he is entitled, and which may never be recovered if it is moved outside of this Court's jurisdiction or sold.  That potential harm to Plaintiff absent the Court's entry of a TRO outweighs the potential harm to Defendants should a TRO be entered, as Plaintiff merely requests that Defendants be required to temporarily maintain the status quo pending further proceedings in this matter.  The public interest will be served by the Court's enforcement of the private agreement between Plaintiff and Defendants.

4. Finally, the Court notes that Plaintiff did not offer to post a bond pursuant to Federal Rule of Civil Procedure 65(c). However, Defendant Blackfisk Marine, LLC could conceivably face harm through a restraint on its ability to move, sell, dispose, or transfer the 12 RIBs and any other equipment and inventory. Requiring Plaintiff to post a bond can mitigate any harm Defendant Blackfisk Marine, LLC would face if it is later determined that the injunctive relief

was improvidently issued. *See Yakus v. U.S.*, 321 U.S. 414, 440 (1944) (indicating that in balancing the relative harms, "inconvenience and injury" can be avoided by the requirement of a bond); *see also, ITT Community Dev. Corp. v. Barton*, 457 F. Supp. 224, 234 (M.D. Fla. 1978) (holding that given the facts of the case and the posting of a bond, there was not a significant risk of potential harm to Defendants by issuing a preliminary injunction).

## TEMPORARY RESTRAINING ORDER

It is therefore **ORDERED AND ADJUDGED** that Plaintiff's Motion for Temporary Restraining Order [DE 53] is **GRANTED IN PART** as follows:

1. Defendant Blackfisk Marine, LLC, and its officers, members, agents, servants, and employees, and all persons and organizations acting by, in concert or participation with, through or under it, or by and through its orders, are hereby temporarily restrained, pending a hearing on the Motion for Preliminary Injunction in this matter, from moving, selling, disposing, or transferring the rigid inflatable boats identified in Attachment A to this Order and any other equipment and inventory. Defendant Blackfisk Marine, LLC may only move the boats, equipment, or inventory to a safe and secure location consistent with this Order.

2. Defendant Blackfisk Marine, LLC shall identify the current location of all of its equipment and inventory, including the location of the rigid inflatable boats listed at Attachment A to this Order, within 24-hours of the entry of this Order.

3. Defendant Blackfisk Marine, LLC shall maintain the rigid inflatable boats and any other equipment and inventory in a safe and secure location and inform the Court and all parties of said location. Defendant Blackfisk Marine, LLC shall update the Court and all parties, should the location of the rigid inflatable boats and any equipment and inventory be moved to another location.

4. Defendant Blackfisk Marine, LLC shall refrain from duplicating the tags, titles, registrations, or any other document connected to the rigid inflatable boats.

5. This Order shall remain in effect until a preliminary injunction hearing is held, to take place within fourteen (14) days of the issuance of this Order, unless before that time the Court, for good cause, extends it for a like period or an adverse party consents to a longer extension.

6. This Order shall be binding upon Defendant Blackfisk Marine, LLC, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with Defendant Blackfisk Marine, LLC who receive actual notice of this Order by personal service or otherwise.

## **BOND TO BE POSTED**

Pursuant to Federal Rule of Civil Procedure 65(c), the Court will require a bond. Plaintiff shall post a bond in the amount of Five Thousand Dollars and Zero Cents ($5,000.00)[2], as payment of damages to which Defendant Blackfisk Marine, LLC may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court. In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice. **Failure to either (i) post the $5,000.00 bond or (ii) file an objection to the bond requirement on or before January 17, 2023 at 12:00 p.m. shall result in the Court entering an order vacating the entry of the temporary restraining order and denying Plaintiff's request for a preliminary injunction.**

---

[2] The Court is concerned that Defendant Blackfisk Marine, LLC may incur damages before such time as Defendant can make a showing regarding the amount of costs or damages it may incur if an injunction is improvidently issued. Accordingly, the Court finds that a nominal bond in the amount of $5,000.00 constitutes sufficient security for purposes of entering a temporary restraining order.

## PRELIMINARY INJUNCTION

Plaintiff's Verified Expedited Motion for Temporary Restraining Order [DE 53] is converted into a Motion for a Preliminary Injunction. The Motion for Preliminary Injunction is **REFERRED** for a hearing and appropriate disposition or report and recommendation to Magistrate Judge Panayotta Augustin-Birch, who shall, by separate order, set a briefing schedule and hearing date. Defendants are hereby put on notice that failure to attend the preliminary injunction hearing, as scheduled by Magistrate Judge Augustin-Birch, may result in the immediate issuance of the preliminary injunction requested by Plaintiffs.

The Clerk is **DIRECTED** to place this Order, **UNSEALED**, in the publicly accessible docket and to **UNSEAL** all docket entries and the associated exhibits in this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 10th day of January, 2023.

*/s/ William P. Dimitrouleas*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies to:
Magistrate Judge Augustin-Birch
Counsel of Record

## **ATTACHMENT A**

| Serial Number | Boat Type | HP | Year |
|---|---|---|---|
| ALF36M01A122 | 360 MIMIC | 30 | 2022 |
| ALF36M02A122 | 360 MIMIC | 30 | 2022 |
| ALF36M07D222 | 360 MIMIC | 30 | 2022 |
| ALF36M10D222 | 360 MIMIC | 30 | 2022 |
| ALF39H02A222 | 390 HAMMER | 50 | 2022 |
| ALF39H04A222 | 390 HAMMER | 50 | 2022 |
| ALF39H06A222 | 390 HAMMER | 50 | 2022 |
| ALF39H07D222 | 390 HAMMER | 40 *Plate shows 40 / Paperwork shows 50 | 2022 |
| ALF39H08A222 | 390 HAMMER | 50 | 2022 |
| ALF39H09D222 | 390 HAMMER | 40 *Plate shows 40 / Paperwork shows 50 | 2022 |
| ALF39H16K122 | 390 HAMMER | 50 | 2022 |
| ALF39H17K122 | 390 HAMMER | 50 | 2022 |